# Birmingham Building & Loan Asso. *v.* May & Thomas Hardware Company.

*Bill in Equity by Material-man, Claiming Statutory Lien, against Prior Mortgagee.*

1. *Statutory lien of mechanics and material-men; what laws are of force.*—The statute approved February 12th, 1891, entitled "An act to provide liens for mechanics and material-men, and to repeal sections 3018, 3022, 3025, 3026, 3028, 3041 of the Code, and section 3027 as amended by the acts of 1888–89," (Sess. Acts 1890–91, pp. 578–80), though capable of execution as a complete system in itself, is to be construed in connection with the unrepealed sections of the former law, making the law now of force to consist of the express provisions of the new statute and the unrepealed sections of the old law as amended or changed by the new.

2. *Same; jurisdiction of equity*—The jurisdiction of equity to enforce the statutory lien of mechanics and material-men (Code, § 3048), is not taken away by the later statute approved February 12th, 1891; and a material-man who has obtained a judgment at law on his claim, and become the purchaser of the property at a sale under it, may come into equity against a prior mortgagee of the property, who has also become the purchaser at a sale under his mortgage, to have the priorities of their respective liens adjusted, and the property sold for their satisfaction.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed on the 4th November, 1892, by the May & Thomas Hardware Company, a private corporation, against the Birmingham Building & Loan Association, also a private corporation, and S. B. Ethridge. The facts are thus stated by HARALSON, J.:

"The allegations of the bill as amended show, that the May & Thomas Hardware Company, a body corporate, furnished to the defendant, S. B. Ethridge, by contract with him, building materials, for buildings and improvements on certain lots of land, owned by him, which are described as being in Avondale, Jefferson county; that on Nov. 6, 1891, said Ethridge and his wife executed a mortgage on said lots to the Birmingham Building & Loan Association, and on the 11th December, 1891, they executed a second mortgage to said association on said lots; that those mortgages were foreclosed by the association on September 15th, 1892,

VOL. XCIX.

[Birmingham Building & Loan Asso. v. May & Thomas Hardware Co.]

according to the power contained therein, and it became the purchaser of them, at the mortgage sale; that said improvements were erected on said lots in the months of November and December, 1891, and in the months of January, February, March, April and May, 1892, and the materials were furnished in the months of February, March and April, 1892, for which said Ethridge was indebted to complainant, the said May & Thomas Hardware Co., in the sum of $180; that on the 18th day of May, 1892, the complainant filed a statement under the mechanics' lien law in the Probate Court of Jefferson county, and within six months brought suit in the Circuit Court of Jefferson county, against said Ethridge alone, on said claim, and on the 18th July, 1892, recovered a judgment against said Ethridge, in which judgment a lien on the property was declared in favor of complainant, and the property ordered sold for the satisfaction thereof; that under a *venditioni exponas*, issued in said cause, the sheriff sold said property on the 20th day of September, 1892, and the complainant became the purchaser thereof, at the price of $50; that at the time of said sale and purchase by complainant—on the 26th Sept., 1892—the fact that defendant had foreclosed its said mortgage, and had become the purchaser of said property, was unknown to complainant. The bill prays for a reference to ascertain the value of the property at the time said materials and imimprovements were furnished, and its value afterwards; that a decree be rendered for its enhanced value by reason of materials furnished, and that the property be sold and the proceeds distributed between them, in accordance with the priorities and claims of said association and complainant, and for any further relief to which complainant may be entitled.

"The defendant association made a motion to dismiss the bill for want of equity, and demurred to it, on the grounds, that the court had no jurisdiction; that complainant had no lien on the property described, and that if it had any rights, it had an adequate remedy at law to enforce them. The court overruled said motion to dismiss, and the demurrers to the bill as well. Hence this appeal."

E. J. SMYER, for appellant.

WADE & VAUGHAN, *contra*.

HARALSON, J.—Chapter 3, Part 3, Title 2 of the Code of 1886, headed, "*Liens of mechanics and material-men*," provid-

ed a system of statutory law on that subject, comprising 31 sections, from 3018 to 3048, inclusive. On the 12th February, 1891, the legislature passed "An act to provide liens for mechanics and material-men, and to repeal sections 3018, 3022, 3025, 3026, 3028, 3041 of the Code, and section 3027, as amended by the acts of 1888-89."—Acts 1890-91, pp. 578-80. These sections, seven in number, were parts of this general mechanics', and material-men's lien law, leaving 24 of its sections still of force. In the place of these repealed sections, other provisions were supplied, forming with the unrepealed sections a system supposed to be more complete than the one that existed before. So far as we have observed, the old and the new are susceptible of harmonious adjustment; but, if not, the last section of the new provides, "that all laws in conflict with the provisions of this act are hereby repealed," and in case of conflict the latter will prevail. There can be no question, then, that this later enactment was not intended to create an entirely new system of law on this subject, in abrogation of the old, but to amend the latter to the extent of the repeals indicated in its 1st section, and in its new provisions, and leave the balance to be adjusted to these amendatory provisions. While section 3018 of the Code, which declared the lien, is repealed, section 2 of the new enactment, which also declares it in more extended form, takes its place in the new system, and sections 3019 and 3048, not having been repealed, are to be applied to said section 2 of the amendatory law, as they were to section 3018 before its repeal. This was the view the court seems to have taken of the character of this statute in *Wimberly v. Mayberry*, 94 Ala. 251.—*Colby v. St. James (Colored) M. E. Church*, at present term, *ante* p. 259.

The supposed lack of equity in this bill is based on the contention, that section 3018 of the Code having been repealed, sections 3019 and 3048, upon which the right to maintain the bill depends, were necessarily repealed with it, since the two latter were inoperative without the former. But we have shown above that section 2 of the amendatory act of 1890-91, under which this case arose, took the place of said repealed section—3018—as an amendment of it, and said sections 3019 and 3048 became applicable to it, immediately upon its enactment. This question being out of the way, the case of *Wimberly v. Mayberry, supra*, is decisive of the equity of this case.

The grounds of demurrer based, also, upon the supposed want of equity in the bill, must, for the same reasons, fail. Nor is there any merit in the other ground of demurrer, that

the complainant had an adequate remedy at law.  The suit in the Circuit Court was against Ethridge alone.  The defendant company was not concluded in its liens, or in the assertion of their priorities, by any thing that took place in that proceeding; and the complainant, in having obtained said judgment against said Ethridge, and purchased said property at the sheriff's sale, was not precluded from filing his bill to settle with the appellant the priorities of their respective liens, as this bill is intended to do. There is no other adequate remedy, to adjust these competing liens, except a proceeding in equity.

There is no error in the rulings of the court below, and its decree is affirmed.