(82 South. 107)

VESUVIUS LUMBER CO. et al. v. ALABAMA FIDELITY MORTGAGE & BOND CO. (3 Div. 373.)

(Supreme Court of Alabama. Feb. 13, 1919. Rehearing Denied May 22, 1919.)

1. MECHANICS' LIENS ⬅️135, 263(6)—STATEMENT — PARTIES — ENFORCEMENT OF LIEN— OTHER INCUMBRANCERS.

Code 1907, § 4755, relating to priority of mechanics' and materialmen's liens as to other liens, mortgages, or incumbrances, does not require mortgagees, incumbrancers, or other lienors to be named in lien statement filed under section 4758, or that they be made parties to proceeding to enforce the lien.

2. MECHANICS' LIENS ⬅️136(6)—STATEMENT —DESCRIPTION.

Description of lot upon which improvement was placed was a sufficient description of the building or improvement in statement of materialmen's lien under Code 1907, § 4758, even though lien was upon building only.

3. MORTGAGES ⬅️151(3) — FORECLOSURE OF MORTGAGE—LIENOR'S RIGHTS AS TO PURCHASER.

Materialmen's lien on mortgaged premises was not affected by subsequent foreclosure of mortgage where purchaser took with notice of and subject to materialman's rights.

4. MORTGAGES ⬅️151(3)—MECHANICS' LIENS —PRIORITY AS TO MORTGAGE SALE PURCHASE—RIGHTS AS TO BUILDING.

Where materialmen having liens for material used in construction of buildings upon mortgaged lots foreclosed liens without making mortgagee a party to the proceeding, and purchased the property at the sale, they acquired title to the buildings as against mortgagee purchaser at mortgage foreclosure sale, and will be permitted, by equity, to remove buildings upon mortgagee's failure to pay amount of liens within a reasonable time.

5. MECHANICS' LIENS ⬅️260(2) — FORECLOSURE—SALE — MORTGAGE FORECLOSURE — RIGHTS AS TO BUILDING—LIMITATIONS.

Where materialmen, having lien for materials used in construction of buildings on mort-

gaged lots, foreclosed liens and purchased property, their bill against mortgagee, which had purchased the property at mortgage foreclosure sale, seeking decree of priority and right to remove buildings on the land upon mortgagee's failure to pay amount of liens, was not required under Code 1907, § 4777, to be filed within six months of the maturity of the indebtedness.

Appeal from Circuit Court, Montgomery County; Gaston Gunter, Judge.

Bill by the Vesuvius Lumber Company and another against the Alabama Fidelity Mortgage & Bond Company and another. Named defendant's demurrer to bill sustained, and plaintiffs appeal. Reversed and remanded.

J. Lee Holloway and Stuart Mackenzie, both of Montgomery, for appellants.

John R. Tyson, of Montgomery, for appellees.

SAYRE, J. Appellants, Vesuvius Lumber Company and Montgomery Lime & Cement Company, distinct and independent corporate bodies, furnished to the College Court Realty Company, by contract with it, materials for the erection of buildings upon two separate lots owned by it. Afterwards appellants, proceeding severally and separately under the statute in such cases made and provided, recovered judgments for the purchase price of the materials so furnished, and by these judgments liens were declared on each of the lots in favor of each of the appellants for the price of the materials furnished by each of them to the improvement of each of the lots. The lots, so improved, were then exposed for sale under writs of venditioni exponas, issued for the satisfaction of appellants' judgments, and at such sales appellants purchased jointly. These lots, along with other property of the College Court Company, were subject to a prior mortgage held by Alabama Fidelity Mortgage & Bond Company, which mortgage was foreclosed under a power of sale after appellants had recovered judgments, but before the lots were sold thereunder. The Fidelity Company became the purchaser at the foreclosure sale, and in due course received conveyances of the lots. Appellants' bill, averring the facts summarized above, prayed that their liens be decreed to be prior and paramount to the lien and claim of the Fidelity Company, and that they be authorized and empowered to remove the buildings and improvements from the lots, and for general relief. The College Court Company was also made a party defendant, but it has raised no objection to the bill. The Fidelity Company's demurrer to the bill was sustained, after which this appeal.

Appellants rely upon Birmingham Building & Loan Ass'n v. May & Thomas Hardware Co., 99 Ala. 276, 13 South. 612. In that case, on a very similar state of facts, the court held that complainants were entitled to relief, and we have been unable to see why the authority of that case on the points to which the parties there invoked the court's decision should not be followed.

It is now said on behalf of appellee that the court, in Birmingham, etc., v. May & Thomas Co., supra, overlooked the provision of the statute (section 4755 of the Code) which permitted appellants to have a sale of the buildings or improvements and vested in the purchaser the right, within a reasonable time, to remove the same; and it is said that, with the right so conferred by the statute, there exists no need for the exercise of equity jurisdiction. But we think the court in that case observed and answered this objection to the bill when it noted the fact that the alleged prior incumbrancer was not a party to the judgment of the law court declaring a lien, and not concluded thereby, and held that the judgment lienor, having purchased at the sale in execution of his judgment, might file his bill to settle with the incumbrancer their respective priorities.

[1] In the next place it is said that it appears from the facts alleged in the bill that the statements filed by appellants in the office of the judge of probate, as provided by section 4758 of the Code, did not contain a description of the building or improvement on which appellants claimed a lien, nor did they show the name of appellee as the owner thereof. The statements here referred to claimed liens upon the lots, describing them, and alleged that the College Court Company was the owner or proprietor thereof. No statement was made as to the buildings or improvements except that the liens claimed were for materials furnished for the buildings and improvements on the lots; nor was there any reference whatever to the Fidelity Company. The only mention made in the statute of mortgages, incumbrances, or other liens is found in section 4755, where it is provided:

"Such lien [of mechanic or materialman], as to the land, shall have priority over all other liens, mortgages, or incumbrances created subsequently to the commencement of the work on the building or improvement; and, as to the building or improvement, it shall have priority over all other liens, mortgages, or incumbrances, whether existing at the time of the commencement of such work, or subsequently created; and the person entitled to such lien may, when there is a prior lien, mortgage, or incumbrance on the land, have it enforced by a sale of the building or improvement under the provisions of this article, and the purchaser may, within a reasonable time thereafter, remove the same."

[2, 3] The statute does not require or contemplate that the names of the mortgagees, incumbrancers, or other lienors shall be shown by the statement filed with the judge of probate. Nor does it require that mort-

gagees, incumbrancers, or other lienors shall be made parties to a proceeding under it for the enforcement of a mechanic's or materialman's lien. It is provided that all persons interested may be made parties; but such as are not shall not be bound by the judgment or proceedings. So evidently there was no need to mention appellee in the statement filed in the probate court. As for the description of the building or improvement, that was sufficiently set forth when the lot was described. Our judgment is that, even though appellants had a lien on the buildings only, that lien was not lost by reason of the fact that they claimed a lien on and described the lots which contained the buildings rather than the buildings only as things separate and apart from the lots on which they were placed. As against the original owner, the College Court Company, against whom alone the statutory proceedings needed to be directed, appellants were entitled to all they claimed. Thus is served the general policy of the statute, which is to prevent the landowner from appropriating to his own use the labor and material of the mechanic, employé, or materialman, by reason of the merger of these values into the freehold estate. Bedsole v. Peters, 79 Ala. 133. As affecting this status of right, the subsequent foreclosure of the Fidelity Company's mortgage was of no consequence, for the reason that the purchaser took with notice of, and subject to, the lienor's rights. Magnolia Land Co. v. Malone Investment Co., 79 South. 641;[1] Wimberly v. Mayberry, 94 Ala. 240, 10 South. 157, 14 L. R. A. 305.

[4] In the circuit court it was held that the liens of appellants upon the lots were extinguished by the sheriff's sales under the writs issued from the law court, and in the brief for appellee it is suggested that appellants acquired by their purchase nothing more than the statutory right of redemption, which was the only right left in the College Court Company at that time. We have cited the cases to show that the rights of appellants, lienors under the statute, as against the buildings, were not affected by appellee's foreclosure of its mortgage. This is what the statute means, and that fact has been recognized without dissent. Wimberly v. Mayberry, supra; Magnolia Land Co. v. Malone Investment Co., supra. On the other hand, the rights of appellee as against its original security, the naked lots, were unaffected by appellants' foreclosure and purchase under the statute. By that proceeding, however, appellants became the joint owners of the buildings; and while their lien as to them was merged in the new title thus acquired, and while by judgment and proceedings in execution thereof their lien and title to be acquired might have been limited to the buildings specifically, there was no reason for such limitation as against the original owner, who alone was a party defendant in that proceeding; and, following the analogy of Jefferson County Bank v. Ben F. Barbour Co., 191 Ala. 238, 68 South. 43, there is, so far as concerns the objections here immediately under consideration, no reason why appellants, by their joint bill in equity, should not have, as against appellee, a separation of their interests by a removal of the buildings if appellee shall fail or refuse within a reasonable time to pay their judgments. In sum, these objections to the bill proceed upon the idea that the buildings, when put upon the lots, became for all purposes inseparable parts of the lots, whereas the statute in its settlement of priorities for some purposes evidently proceeds upon the theory that the separate identity of the buildings, so far as that is necessary to effectuate the policy of the statute (Bedsole v. Peters, supra) is preserved.

[5] The last objection taken against the bill is that it was not filed within six months of the maturity of the indebtedness to appellants. Birmingham, etc., v. May & Thomas Hardware Co., supra, is cited on this point; but, as we noted in Jefferson County Bank v. Ben F. Barbour Co., supra, the limitation prescribed by section 4777 of the Code was not pleaded nor insisted upon in the May & Thomas Case. On the other hand, it is insisted for appellee that the Ben F. Barbour Case is an authority for the proposition that the demurrer to appellants' bill was properly sustained on the ground that it was not filed within the time prescribed by said section. In the last-mentioned case the complainant, who had made repairs upon property under a contract with the original owner, sought priority over the defendant, who had purchased at the foreclosure of his own prior mortgage to the extent the repairs had increased the value of the property. It was held that such a bill should have been filed within the six months prescribed by section 4777 of the Code. It was considered that, as between the mortgagee and the statutory lienor, the circumstances of the case raised these questions in addition to and different from the questions raised in a case where the statutory lienor has furnished work and labor or materials for the erection of a building on a previously unimproved lot, viz. whether repairs were made in such sort as to require a sale of the entire property for their satisfaction, that is, whether work and labor or materials had been inseparably incorporated into buildings which had gone to secure the mortgage in its inception, and, if so, whether the value of the property as a whole was thereby enhanced, and the enhancement less than the contract price or separate value of the work and labor done or materials furnished in making the repairs; all being questions the prior mortgagee had a right to contest as affecting his constitutional right to the unimpaired security of his mortgage as it was

[1] 202 Ala. 157.

in its inception. It was held, in effect, that the mortgagee had a right to be heard on these questions to the end that he be not improved out of his security, and that it was within the purview of section 4777 that, proper objections being taken, the filing of a bill raising such questions should not be postponed for more then six months beyond the maturity of the indebtedness secured by the statutory lien. From the report of the case it was thought likely that Birmingham, etc., v. May & Thomas Hardware Co. involved no such inquiry, and, at any rate, it was plain that the demurrer did not raise the question of the statute of limitations.

Nor does the case in hand involve the question upon which Jefferson County Bank v. Ben F. Barbour Co. was decided. The right of the prior mortgagee to the unimpaired security of the property as it was at the date of the mortgage is not questioned. Indeed, by foreclosure proceedings and purchase thereunder the mortgage lien has been converted into ownership subject only to the statutory right of redemption. So likewise appellants' statutory liens for materials furnished have, by proceedings under the statute, been converted into the ownership of the buildings, and the only true purpose of the bill, and that we think a legitimate one, is to separate the interests of the parties—the interest of complainants from that of defendant. We can make nothing else of the operation of the statute in the peculiar circumstances disclosed by this bill. It follows that the last-named ground of demurrer to appellants' bill should have been overruled along with the rest.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.