(85 South. 709)

## ALABAMA FIDELITY MORTGAGE & BOND CO. v. VESUVIUS LUMBER CO. et al.
(3 Div. 436.)

(Supreme Court of Alabama.    June 10, 1920. Rehearing Denied June 30, 1920.)

1. **Appeal and error** ⚖=1099(6)—Decision on former appeal as to demurrer is the law of the case.

Matters determined on previous appeal by plaintiff, from a ruling sustaining the demurrer to its bill, will not be reviewed on an appeal from a judgment granting the relief prayed; the decision on former appeal being the law of the case.

2. **Constitutional law** ⚖=309(1)—Determination of rights of materialman in action to which mortgagee was not party did not deprive latter of due process.

The fact that a mortgagee was not a party to an action at law by a materialman pursuant to Code 1907, § 4755, to establish his debt and obtain a lien against the mortgagor, did not deprive the mortgagee of its property without due process of law, where it was party to a suit to establish priority.

Appeal from Circuit Court, Montgomery County; Wm. L. Martin, Judge.

Bill by the Vesuvius Lumber Company and another against the Alabama Fidelity Mortgage & Bond Company to enforce a lien for materials furnished to the College Court Realty Company in the erection of certain buildings. From a decree granting the re-lief, the Alabama Fidelity Mortgage & Bond Company appeals. Affirmed.

The facts sufficiently appear from the opinion of the court and from the former report of this case in 203 Ala. 93, 82 South. 107.

John R. Tyson, of Montgomery, for appellant.

Notwithstanding the former opinion in this case, the court erred in granting the relief and disregarding the defensive. Sections 4758–4777, Code 1907; 191 Ala. 238, 68 South. 43; 5 Ency. U. S. S. Rep. 641, and cases cited in notes 72, 73, and 74; Amendment 14, U. S. Const. Complainants have separate and distinct causes of action under separate and distinct liens' and cannot recover. 106 Ala. 252, 17 South. 389; 33 Ill. 447; 36 N. J. Eq. 313; 8 Pet. 125, 8 L. Ed. 889; 13 Ency. of P. & P. 950. Complainants did not file their suit in time. 191 Ala. 238, 68 South. 43. Appellants were not a party to the proceedings establishing a lien, and are not bound thereby. 5 Ency. U. S. S. C. Rep. 641.

Holloway & Hill, of Montgomery, for appellee.

This case has already been thoroughly gone into on a former appeal. 203 Ala. 93, 82 South. 107. That case and the case reported in 99 Ala. 276, 13 South. 612, establishes the equity of the bill. There was no misjoinder or antagonistic joinder of parties. 21 Ala. 813; Sims, Chancery, § 156. The description was sufficient. 131 Ala. 256, 31 South. 26; 194 Ala. 559, 69 South. 598; 79 Ala. 133. The case should be affirmed on these authorities and on the case reported in 94 Ala. 240, 10 South. 157, 14 L. R. A. 305. There was due process of law. 205 U. S. 179, 27 Sup. Ct. 459, 51 L. Ed. 760.

McCLELLAN, J. [1] The former appeal in this cause, consequent upon a ruling sustaining the present appellant's demurrer to the bill, is reported in Vesuvius Lumber Co. v. Alabama Fidelity & Mortgage Co., 82 South. 107.[1] Upon full original consideration and after review on rehearing, this decree was reversed and the equity of the bill was vindicated. This cause has now progressed to final decree in accordance with the object of the bill, and this appeal results. In the argument for appellant the same propositions are pressed as were unsuccessfully urged to support the previous decree sustaining the demurrer. This court remains convinced of the correctness of the then and now applicable conclusions expressed in the former opinion. Jefferson County Bank v. Barbour, 191 Ala. 238, 68 South. 43, was considered and discriminated in that opinion.

[2] The only matter now insisted upon that does not fall within the influence of the express decision on first appeal is that the

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 203 Ala. 93.

determination of the rights of the appellant (respondent) was not in accordance "with due process," for that the appellant was not a party to proceedings at law establishing the appellees'.lien, and yet, appellant asserts, its rights are affected thereby. The object of the bill being to have ascertained, declared, and enforced the "priorities" between these parties—as amply stated in the former opinion—the appellant has been accorded an unrestricted hearing, in conformity with settled course of justice, on the issues made; and the fact that the appellees' debt was adjudicated and the lien established in an action at law, to which appellant was not a party, against the College Court Realty Company, neither detracted from nor impaired the appellant's rights under its mortgage on the lots, either before or after the foreclosure sale. Code, § 4755; Vesuvius Lumber Co. v. Alabama Fidelity Co., 203 Ala. 93, 82 South. 107.

The decree is affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬅For other°cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 203 Ala. 276.