(103 So. 882)

### JACKSON v. FARLEY.   (3 Div. 683.)

(Supreme Court of Alabama.   April 9, 1925.)

**1. Mortgages ⬳163(3)—Mechanic's lien for work and material furnished before execution of mortgage, though filed thereafter, prior to mortgage.**

Lien for labor done and materials furnished before execution of mortgage, though declaration was filed under Code 1923, § 8836, after mortgage was executed and filed for record, under Code 1907, § 4755, was prior to mortgage; such lien being complete after verification and filing and dating from commencement of work.

**2. Mortgages ⬳178—Mechanic's lien claimants held not to have forfeited priority over mortgage by suing to enforce lien without making mortgagee a party.**

Mechanic's lien claimants, by suing to enforce lien without making subsequent mortgagee a party, did not forfeit priority, which must be determined in subsequent suit to foreclose mortgage, in view of Code 1923, § 8844, providing that interested persons not made parties to actions at law to enforce such liens shall not be bound by judgment or proceedings.

**3. Mechanics' liens ⬳263(7)—Contractors suing owner to foreclose mechanic's lien not required to sue junior mortgagee within six months.**

Contractors properly sued owner alone to foreclose mechanic's lien and were not required to sue junior mortgagee within six months.

**4. Mortgages ⬳186(1)—Bill in equity, necessary to determine priority between mechanic's lien and mortgage, not controlled by statutory limitations against suit to foreclose lien.**

To determine priority between mechanic's lien and mortgage, bill in equity by either party was necessary, and bar against it depended on possession, running against party out of possession, and was not controlled or limited by statute requiring suit to foreclose lien within six months.

**5. Mortgages ⬳151(3)—Second mortgagee purchasing title, acquired by claimants of lien, prior to first mortgage, in action to enforce it, entitled to priority to extent of lien declared.**

Second mortgagee, purchasing title, acquired by claimants of mechanic's lien, prior to first mortgage at end of action to enforce it, is entitled to priority at least to extent of lien declared in such proceeding.

**6. Mechanics' liens ⬳299—First mortgagee may redeem against foreclosure of prior mechanics' liens without discharging second mortgage of purchaser of lien claimants' title.**

First mortgagee, not party to suit to foreclose prior mechanics' lien, has equity unaffected by foreclosure, and may redeem against it without discharging second mortgage of purchaser of title acquired by lien claimants under foreclosure sale.

**7. Mortgages ⬳199(3)—Second mortgagee purchasing title acquired by mechanics' lien claimants under foreclosure sale need not account for rents.**

Second mortgagee, purchasing title acquired by claimants of mechanic's lien, prior to first mortgage, under lien forclosure sale, is in position of mortgagee in possession after foreclosure, and need not account for rents.

**8. Equity ⬳148(3)—Bill to settle priority of mortgage over mechanic's lien and foreclose mortgage held not multifarious.**

Bill by first mortgagee to settle priority over rights of second mortgagee by purchase of title acquired by claimants of mechanic's lien at lien foreclosure sale, and to foreclose mortgage, *held* not multifarious.

**9. Mortgages ⬳186(1), 391—Possession of property not essential to maintenance of bill to settle priority of mortgage over rights of alienee of purchaser at mechanic's lien foreclosure sale and to foreclose mortgage.**

Possession of property is not essential to maintenance of bill by first mortgagee to settle priority over rights of alienee of purchaser at mechanic's lien forclosure sale, and to foreclose mortgage; rights asserted being of strictly equitable cognizance.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by Alice D. Farley against Margaret H. Jackson and others. Decree for complainant, and respondent Jackson appeals. Reversed and remanded.

Henry C. Meader and Steiner, Crum & Weil, all of Montgomery, for appellant.

A mechanic's lien is superior to a mortgage taken after commencement and completion of the work of improvement. Code 1907, § 4755; Code 1923, § 8833; First Ave. C. & L. Co. v. King, 193 Ala. 438, 69 So. 549; Ramsey v. Hawkins, 78 Fla. 189, 82 So. 823; Reynolds v. Manhattan Trust Co., 83 F. 593, 27 C. C. A. 620; C. & A. v. Union R. M. Co., 109 U. S. 702, 3 S. Ct. 594, 27 L. Ed. 1081. A subsequent mortgagee is not a necessary or proper party to a proceeding to enforce a mechanic's lien. Jones on Liens, 807; 2 Jones on Mortgages, 1155; Bank v. Goldman, 75 N. Y. 127; Evans v. Tripp, 35 Iowa, 371. A mechanic's lien is not barred as to a subsequent mortgagee because no proceedings were commenced within six months against said mortgagee to enforce said lien. First Ave., etc., v. King, supra; Vesuvius L. Co. v. Ala. Co., 203 Ala. 93, 82 So. 107; Id., 204 Ala. 439, 85 So. 709; Pilcher v. Porter, 208 Ala. 204, 94 So. 72; Ketcham v. Cunliff, 77 Okl. 287, 187 P. 1095; C. & A. v. Union R. M. Co., supra; Evans v. Tripp, supra. A mortgagee has no claim to rents and profits before forfeiture. Johnson & Stewart v. Riddle, 70 Ala. 225. Seasonable exercise of the right to redeem by the second mortgagee vested the indefeasible legal

title in her, and first mortgagee has no right to redeem from the redemptioner. Code 1907, § 5746; Hamilton v. Cody, 206 Ala. 102, 89 So. 240; Allison v. Cody, 206 Ala. 88, 89 So. 238. The bill is multifarious. Wells v. American, etc., Co., 109 Ala. 430, 20 So. 136. To maintain a bill to quiet title complaint must allege and prove possession. Code 1907, § 5443; Burgin v. Hodge, 207 Ala. 315, 93 So. 27; Miller v. Woodard, 207 Ala. 318, 93 So. 28.

Hill, Hill, Whiting, Thomas & Rives and William F. Thetford, Jr., all of Montgomery, for appellee.

Appellee's rights were in no way affected by the lien suit to which she was not a party. Code 1923, § 8844; Sorsby v. Woodlawn, L. Co., 202 Ala. 566, 81 So. 68. The lien suit must have been commenced within six months after maturity. Pilcher v. Porter, 208 Ala. 202, 94 So. 72; Alford v. Singer S. M. Co., 17 Ala. 325, 85 So. 584. The lien suit could give no right superior to appellee's. Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105. Appellee has an equity of redemption. 27 Cyc. 450; Whitney v. Higgins, 10 Cal. 547, 70 Am. Dec. 748; Powers v. Andrews, 84 Ala. 289, 4 So. 263; Capehart v. McGahey, 132 Ala. 334, 31 So. 503. And is entitled to credit for rents. Watford v. Oates, 57 Ala. 290.

SAYRE, J. [1] Appellee filed this bill against G. H. Hildreth and wife to foreclose a mortgage dated December 18, 1918. Appellant was also made a party defendant along with others who, it is averred, claimed some right, title, or interest in the property; all such claims having been derived from the mortgagor, subsequent to appellee's mortgage. Appellant alone defended, claiming under a second mortgage and as alienee of the purchaser of the property at sheriff's sale had to satisfy a judgment recovered by Smart & Cahalin declaring a lien on the property for materials furnished and work and labor done by them in improving the property. Smart & Cahalin's lien was superior to the lien of appellee's mortgage for the reason that the materials were furnished and the work and labor done prior to the execution of that mortgage—this notwithstanding the declaration of a lien was filed in the office of the judge of probate, as provided by section 4758 of the Code of 1907 (8836 of the Code of 1923), after appellee's mortgage had been executed and filed for record in the same office. Section 4755 of the Code; First Avenue Co. v. King, 193 Ala. 440, 69 So. 549. Until verified and filed according to the statute, such lien was inchoate and defeasible. After verification and filing it was complete and, in favor of the contractor who furnished materials and did labor, dated from the commencement of the work. Welch v. Porter, 63 Ala. 231.

[2] Nor did Smart & Cahalin forfeit their priority of right when, bringing their action at law to enforce their lien, they failed to make the subsequent mortgagee, appellee, a party. Section 8844—for convenience referring to the new Code—provides that—

"In such actions, all persons interested in the matter in controversy, or in the property charged with the lien, may be made parties; but such as are not made parties shall not be bound by the judgment or proceedings therein."

The question between them, being one of priority only, can as well be determined in the cause now at bar—must be so determined because the action at law to foreclose the lien, prosecuted and decided as it was in full accord with the statute, afforded no opportunity for its earlier determination.

[3-5] Nor were the contractors required to file a bill against the junior mortgagee within six months. The proceeding to foreclose their lien was properly brought against the contracting owner Hildreth alone. Mrs. Farley's mortgage not being questioned, but only its priority over their lien denied, there was as between the contracting mechanics and her no issue save that of priority—nothing to be determined by a bill against her but the matter of priority. For the determination of that question, in the circumstances of this case, a bill in equity was necessary (Birmingham B. & L. Asso. v. May & Thomas Hdw. Co., 99 Ala. 276, 13 So. 612), and it was no more incumbent on the mechanic contractors or their alienee to file a bill than it was on the mortgagee. The bar against such a bill on either hand depended on possession, running against the party out of possession, and was by no means controlled or limited by the statute requiring actions for the foreclosure of mechanics' liens to be brought within six months. Vesuvius Lumber Co. v. Alabama Fidelity Co., 203 Ala. 93, 82 So. 107; Pilcher v. Porter, 208 Ala. 202, 94 So. 72. As between appellee's mortgage and the foreclosed lien of the mechanic contractors, the question of priority is determinable in this case on the facts apart from the lapse of time subsequent to the initiation of the lien and is now precisely what it was when the mortgage was executed. By her purchase of Smart & Cahalin's title, acquired at the end of their action to enforce their lien, appellant is entitled to priority to the extent at least of the lien declared in that proceeding.

[6] The deed from Smart & Cahalin conveyed to appellant "all the right, title and interest acquired by us under said sale [to foreclose the mechanics' lien]." It may be conceded that appellant's purchase from them is to be considered as an exercise by her of the statutory right of redemption and that appellee has no statutory right to redeem from such redemptioner. But she has an equity which remains unaffected by the

.foreclosure of the lien to which she was not a party and may now redeem against th: t foreclosure without being required to discharge appellant's second mortgage. Powers v. Andrews, 84 Ala. 289, 4 So. 263; Threefoot Bros. v. Hillman, 130 Ala. 244, 30 So. 513, 89 Am. St. Rep. 29; Wiley v. Ewing, 47 Ala. 418; Horn v. Indianapolis National Bank, 125 Ind. 381, 25 N. E. 558, 9 L. R. A. 676, 21 Am. St. Rep., note on page 247, where authorities are cited; 27 Cyc. 450.

[7] Appellant, in virtue of her purchase from Smart & Cahalin, is in the position of a mortgagee in possession after foreclosure. She need not account for rents. 2 Jones on Mtgs. §§ 670, 671; Toomer v. Randolph, 60 Ala. 360; Johnston v. Riddle, 70 Ala. 225.

[8, 9] Appellee's bill in its first stated pur-, pose is a bill to settle a question of disputed priority and to foreclose appellee's alleged prior mortgage. Considering the results sought, the bill presents an alternative aspect; that is, in the event the court decrees priority to the right and title defendant acquired by her purchase or redemption from Smart & Cahalin, the prayer is to redeem and foreclose. In neither aspect is the bill multifarious as between the litigating parties. It presents no dissociated matters, nor is any matter presented that is foreign to the interest of either party: Nor is possession of the property essential to the maintenance of complainant's bill, since the rights asserted are of strictly equitable cognizance. Allison v. Cody, 206 Ala. 88, 89 So. 238, Hamilton v. Cody, 206 Ala. 102, 89 So. 240, Sorsby v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68, Vines v. Wilcutt (Ala. Sup.) 102 So. 29,[1] and the other cases referred to in the briefs, have been considered; but we find in them nothing to the contrary of what has been here written. In the two cases first named it was considered that complainant's effort was to assert nothing more than the statutory right of redemption. In Sorsby v. Woodlawn Lumber Co. the owner of the property, with whom complainant had its contract, was not made a party to the proceeding to foreclose the mechanic's lien. In Vines v. Wilcutt the gist of the ruling was that a junior incumbrancer is bound by a foreclosure under power of sale and must protect his interest by timely proceeding— that the senior mortgagee is under no duty to look out for the junior. None of these propositions have any bearing upon the questions presented in this cause.

The decree under review will be reversed and the cause remanded for a decree in accordance with the views expressed and for a proper decree of reference.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

