# Seibs *v.* Engelhardt.

## *Statutory Action to enforce Mechanic's Lien.*

1. *Notice of claim by sub-contractor.*—When a sub-contractor wishes to assert a statutory lien for work done or materials furnished in the erection of a building, he must give ten days notice thereof before filing his claim (Code, § 3457) ; and this notice must be in writing.

2. *Limitation of action; amendment bringing in new defendant.* Ninety days being the period within which a statutory action must be brought to enforce a mechanic's lien (Code, § 3454), if the action is commenced against the husband alone, and the wife is brought in as a defendant, by amendment, after the expiration of ninety days from the filing of the lien, the statute is a complete bar in her favor.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by John H. Engelhardt against J. G. Seibs, to enforce a statutory lien on a dwelling-house in the city of Montgomery, for work done and materials furnished by plaintiff in its construction ; and was commenced on the 16th August, 1884. On the trial, as the judgment-entry of June 23d, 1885, recites, the plaintiff was allowed to amend his summons and complaint, by making Mrs. A. E. H. Seibs, the wife of said J. G. Seibs, a party defendant with her husband ; to the allowance of which amendment said defendants excepted. The original defendant pleaded, among other things, that notice of the claim was not given to him ten days before the filing of the lien ; and Mrs. Seibs also pleaded the failure to give her notice as required by law, and the statute of limitations of ninety days. Issue was joined on these pleas, with others. On the trial it was shown, as the bill of exceptions shows, that the work was done by plaintiff and the materials furnished, in June and July, 1884, under a sub-contract with Walter C. Wright, who was the original contractor for the building of the house ; that the amount due and unpaid for his work and materials was $124.40 ; that he gave written notice of his claim, and of the amount due him, on the 8th August, to the architect who was superintending the building, and to the agent of Mrs. Seibs ; that the claim was made out against said Wright as the original contractor, and was filed in the office of the judge of probate on the 9th August, verified by affidavit, in which the building was described as "a dwelling-house for J. G. Seibs ;" and there was also evidence of a

[Seibs v. Engelhardt.]

conversation between plaintiff's agent and the architect, "some ten days or two weeks before said claim was filed," in which the former spoke of his claim, and declared his intention to file it as a lien. The court charged the jury, among other things, "that the plaintiff is required to file his lien within ten days after service of notice on the agent of Mrs. Seibs." The defendants excepted to this charge, and requested the court to instruct the jury, "that they must find for the defendants, if they believed the evidence;" which charge the court refused, and the defendants excepted. The defendants also requested the following charge: "This suit was begun against Mrs. Seibs on the day when the amendment to the complaint was filed; and if the jury believe that the lien was filed on the 9th August, and that the amendment was not filed within ninety days after the lien was filed, then they must find for Mrs. Seibs." The court refused this charge, and the defendants excepted. These several rulings of the court, with others, are now assigned as error.

SAYRE & GRAVES, and SMITH, MACDONALD & MARKS, for appellants.—(1.) This proceeding is strictly statutory, and rests upon the claim as filed for record, and the accompanying affidavit, which is fatally defective.—*Thomas v. Barber*, 10 Md. 380; Phillips Mech. Liens, §§ 18–21; Waples on Attachments, 79. (2.) The statute imperatively requires ten days notice of his claim to be given by a sub-contractor before filing it. Code, § 3547. The proof showed that the claim was filed the day after the notice was given, and the action was commenced on the 8th day. (3.) As to Mrs. Seibs, the amendment bringing her in as a party was the commencement of the action; and the statutory bar in her favor was then complete.—Code, § 3454; *Adams v. Phillips*, 75 Ala. 461; *Dunphy v. Riddle*, 86 Ill. 22; *Crowl v. Nagle*, 86 Ill. 437; *Young v. Stoutz & Co.*, 74 Ala. 574; *Mohr v. Lemle*, 69 Ala. 182; Phil. Mech. Lien, § 431.

RICE & WILEY, *contra*.—(1.) The statute giving this action is to be liberally construed, in order to carry out its beneficent purposes.—62 Ala. 256; 65 Ala. 475; 7 Ind. 125. The statute does not require that the sub-contractor shall give notice in writing of his claim, and the court can not add to the requirements of the statute.—Phil. Mech. Liens, §§ 339–40. The notice is to be *given*, not *filed*. (2.) The amendment related back to the commencement of the suit, and thereby avoided the plea of the statute of limitations.—*Dowling v. Blackman*, 70 Ala. 303; *Stringer v. Waters*, 63 Ala. 361; *King v. Avery*,

37 Ala. 169; *Reed v. Scott*, 30 Ala. 640; *Long v. Patterson*, 51 Ala. 414.

STONE, C. J.—Section 3457 of the Code of 1876 provides, that "every person, except the original contractor, who may wish to avail himself of the benefits of the provisions of this chapter [Liens of Mechanics] shall give ten days notice before filing of the lien, as herein required, to the owner or his agent, or to either of them, that he holds a claim against such building or improvement, setting forth the amount, and from whom it is due, and for what." There can be no question that this notice must be in writing. The words "setting forth the amount," &c., clearly imply that. The meaning of the word "setting" is, a placing, or putting in a place, condition, state or posture. "Forth," in the connection here used, means out to view. "Setting forth" means placing, or putting in a place to be seen or viewed. The words, *ex vi terminorum*, imply a writing.

The written notice given in this case was on the 8th of August. The claim was filed for record on the next day, the 9th. The present suit was brought August 16, and seeks to enforce a lien for materials and labor furnished under a contract, not with the proprietor, but with the chief contractor. The case is not brought within the statute, and the attempt to fasten a lien must fail.—Phillips on Mech. Liens, § 338; *Thomas v. Barber*, 10 Md. 380; *Shubert v. Crowley*, 33 Mo. 564; *Heltzell v. Hynes*, 35 *Ib.* 482; *Murray v. Rapley*, 30 Ark. 568:

The statute (Code, § 3454) provides, that "no lien shall continue to exist by virtue of this chapter, for more than ninety days after the lien shall be filed, unless within that time an action shall be instituted thereon, as hereinbefore prescribed." The present action was commenced August 16, 1884, but it was commenced against J. G. Seibs, as the husband, and the alleged owner of the land. The claim had been made out and filed in the probate office as against Mr. Seibs, and no reference was made either in the claim, or in the complaint, to any ownership Mrs. Seibs might have in the property. In June, 1885, the complaint was amended, by inserting the name of Mrs. A. E. H. Seibs, wife of J. G. Seibs, as a party defendant, and averring that the property was hers, and that the liability and lien rested on her. To this amended complaint Mrs. Seibs pleaded the statute of limitations of ninety days, as a bar to the action, so far as it proceeded against her property. No demurrer was interposed to this plea, and we must treat it as if issue of fact was joined upon it. This, however, was immaterial; for, if it had been demurred to, the demurrer should have been overruled. The amendment introduced a new party, and as to her

[Bell v. Reynolds & Lee.]

it was the commencement of the action. The statute of limitations was a complete bar, so far as she was concerned.—*King v. Avery*, 37 Ala. 169; *Mohr v. Lemle*, 69 Ala. 180; *Young v. Stoutz*, 74 Ala. 574; *Adams v. Phillips*, 75 Ala. 461; Phillips on Mech. Liens, § 431; *Dunphy v. Riddle*, 84 Ill. 22; *Crowl v. Nagle, Ib.* 437; *Miller v. McIntyre*, 6 Pet. 61. Many rulings of the court in the trial below are opposed to these views. We need not particularize the several rulings which fall under this principle.

Many other decisions of the court were excepted to, but we need not consider them.

Reversed and remanded.