| 83 | 443 |
| 96 | 349 |

# Roman *v.* Thorn & Gorrie.

*Statutory Action to enforce Mechanic's Lien.*

1. *Parties defendant; agent or trustee, and principal.*—A statutory action to enforce a mechanic's lien (Code, §§ 3440-47) can not be maintained against the person who, as agent or trustee, made the contract sought to be enforced, without joining the principal or beneficiaries; though the agent may be a proper party defendant, as the trustee of his wife's statutory estate.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. JOHN P. HUBBARD.

This action was brought by Thorn & Gorrie, suing as partners, against Sigmund Roman, "individually, and as agent of Sarah Roman, Hannah Schram, Regina Levy, and L. Gugenheim," as he was described in the summons; or, as described in the second count of the complaint, "individually, and as agent and trustee for his wife, Mrs. Sarah Roman, and for Hannah Schram, Regina Levy, and L. Gugenheim." The first count of the complaint claimed $345, "due by account for work and labor done by plaintiffs, at defendant's request, in building extra foundation wall and putting up shed partition to strengthen old wall of the building in the city of Montgomery known as the 'Dollar Store';" and the second count sought to enforce a statutory lien on the property, or the interest therein belonging to Mrs. Roman and the other persons named, for work done by plaintiffs under a contract with said S. Roman as agent and trustee for them. The defendant demurred to the second count, assigning as grounds of demurrer, with others, that it did not appear that he had any interest in the building as proprietor, and because the other persons named were not made defendants. The court overruled the demurrer, and its judgment is here assigned as error, together with the refusal of a general charge in his favor asked by defendant.

TROY, TOMPKINS & LONDON, for appellant.

RICE & WILEY, *contra*.

SOMERVILLE, J.—The suit is one brought for the enforcement of a mechanic's lien under the provisions of the statute.—Code, 1886, §§ 3018-3048.

It is fatally defective in making the *agent* of the owner or proprietor of the lands on which the improvements were made, the sole party defendant to the proceeding. While the lien created by the statute may arise on a contract made by the agent, or trustee of such owner or proprietor, the suit authorized by the statute is one against the principal, and not against the agent. The defendant, Roman, as an individual, may have been a proper party defendant, as trustee of his wife's statutory separate estate, under section 3030, which authorizes all persons interested in the matter in controversy, or in the property charged with the lien, to be made parties.—*Trammell v. Hudmon*, 78 Ala. 222. But it could not be maintained against him alone, so as to establish

[Jonas v. Field.]

a lien on the property owned by the others who have not had their day in court.

The court erred in not sustaining the demurrer to the complaint, and in refusing to give the general affirmative charge requested by the defendant.

Reversed and remanded.

CLOPTON, J. not sitting.