# Hughes *v.* Torgerson.

*Action on Verbal Contract, on Common Counts, and to enforce Contractor's Statutory Lien.*

1. *Contractor's or mechanic's lien; rights of architect*—An architect who prepares the drawings, plans, and specifications for a building, and superintends the erection thereof, is within the protection of the statute (Code, § 3018) declaring a lien in favor of "every mechanic, or other person, who shall do or perform any work or labor upon . . . any building or improvement or land."

2. *Same; description of the property* —The description, in the statement required to be filed in the office of the judge of probate (Code, § 3022), of the property upon which a lien is claimed under the statute, is sufficiently certain, where it would enable a person familiar with the locality to identify the property; and the assertion in the statement that the property belonged to a person named, who was deceased when the claim was filed, does not render the description insufficient.

3. *Same; parties defendant.*—The owner of the property, at the time of the commencement of a suit to enforce a contractor's or mechanic's lien thereon, is a necessary party defendant.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD

This was an action by G. M. Torgerson against "J. W. Hughes, administrator of the estate of B. M. Hughes." The complaint contained a common count claiming the sum of $686.60, "due for work and labor done for defendant's intestate at said intestate's request;" and a special count claiming the same sum as due under a contract, the terms of which were alleged, and seeking to enforce the statutory lien of a mechanic or contractor, on a building and the lot upon which it was erected, which were described in the complaint.

Upon the introduction of all the evidence, at the request of the plaintiff in writing, the court charged the jury, "that if they believed all the evidence in the case, they must find for the plaintiff, and that the plaintiff has a lien on the building described in the complaint." The defendant excepted to the giving of this charge and also to the refusal of the court to give each of the following written charges requested by him: (1.) "That an architect who furnishes the drawings and plans for a building and superintends its erection has no lien upon the building so erected, for his

[Hughes v. Torgerson.]

services." (2.) "That when Brice M. Hughes died, the title to the property in question descended to his heirs at law, and that it was not sufficient to file a lien against Brice M. Hughes, but the lien ought to have been filed against the heirs at law of Brice M. Hughes, as his heirs at law were the owners of the property when the statement was filed, intended to perfect the lien." (3.) "That in this case the heirs at law of Brice M. Hughes ought to have been made parties in this suit, and, in the absence of the heirs at law, no lien can be enforced on the property described in the complaint and in the statement offered as evidence."

There was judgment for the plaintiff, and the defendant appeals.

WARD & JOHN, for appellant.—(1.) The house was not sufficiently described in the statement filed in the office of the judge of probate.— *Bedsole v. Peters*, 79 Ala. 133 ; Phillips on Mechanics' Liens, 378. (2.) The architect who provides the plans, and superintends the erection of a building, is not within the protection of the statute declaring a lien in favor of "every mechanic, or other person, who shall do or perform any work or labor upon . . . any building or improvement on land."—Code, § 3018 ; *Copeland v. Kehoe*, 67 Ala. 594 ; *Price v. Kirk*, 90 Pa. St. 47 ; *Foushee v. Grigsby*, 12 Bush (Ky.), 83 ; *Whitaker v. Smith*, 81 N. C. 34 ; 79 Am. Dec. 275 ; Phillips on Mechanics' Liens, §§ 156, 158. (3.) The owners of the property should have been made parties to the suit.—25 N. Y. Eq. 242 ; 15 Amer. & Eng. Encyc. of Law, 165, 118 ; Phillips on Mechanics' Liens, 637, 646.

WALKER, J.—A lien is claimed under section 3018 of the Code upon a building and upon the lot of land on which it is erected. By the judgment a lien was declared only on the building, and not on the lot. This could be done under the statute.—*Bedsole v. Peters*, 79 Ala. 133. In the statement filed by the plaintiff in the office of the judge of probate, a lien was claimed upon the building only, and not upon the lot. Of course, the lien declared could not extend beyond the claim as asserted in the statement.

The first question to be considered is, whether the building was sufficiently described. The description is : "a certain three-story brick building situated on rear part of lots 2 and 3, Block 122, 20th Street, between Ave. A. and B in the City of Birmingham." This description points out with reasonable certainty a three-story brick building occupying the hindmost part of two designated lots on a certain named

[Hughes v. Torgerson.]

city block—the part thereof furthest from the street front of the two lots. This description, if followed by a person familiar with the locality, would lead him to the two lots named; and if he found the rear part thereof occupied by a three-story brick building, he could identify that building, as the only one corresponding with the description. This is sufficient certainty.—*Bedsole v. Peters,* 79 Ala. 133; *Kzartee v. Marks,* 15 Oregon, 529; Phillips on Mechanic's Liens (2nd Ed.) § 378. The statement avers that "the building is the property of one Dr. B. M. Hughes,"—who was deceased when the claim was filed. This did not render the description insufficient. The statute expressly provides that, "no error . . in the name of the owner or proprieter shall affect the lien."—Code, § 3022.

The plaintiff claims a lien for the amount of the compensation due him for work and labor as an architect in the preparation of drawings, plans and specifications for the building, and in superintending the erection thereof. Are such services by an architect "work and labor upon * * * a building or improvement on land," within the meaning of the statute?—Code, § 3018. It is plain that a contractor for the construction of the building is within the protection of the statute. If he was also intrusted with the planning of the building, and with the sole supervision of its erection, we think it is equally plain that his services in these particulars could be regarded as properly a part of his work "upon the building," and that compensation therefor might be included in the amount for the security of which he could acquire a lien under the statute. There is nothing in the circumstance that such services were rendered by another person, to put them beyond the protection of the statute. Under a New York statute, a lien was authorized in favor "of any person who shall perform any labor, or furnish any materials, in building, altering or repairing any house," etc., "by virtue of any contract with the owner," etc. "This language," it was said in *Stryker v. Cassidy,* 76 N. Y. 50, "is general and comprehensive, and its natural and plain import includes all persons who perform labor in the construction or reparation of a building, irrespective of the grade of their employment, or the particular kind of service. The architect who superintends the construction of a building performs labor as truly as the carpenter who frames it, or the mason who lays the walls, and labor of a most important character. . . . The language quoted makes no distinction between skilled and unskilled labor, or between mere manual labor and the labor of one who supervises,

[Hughes v. Torgerson.]

directs, and applies the labor of others. . . . The general principle upon which the lien laws proceed is, that any person who has contributed by his labor, or by furnishing materials, to a structure erected by an owner upon his premises, shall have a claim upon the property for his compensation." The claim of an architect was allowed in that case. What was there said seems eminently sound, and is equally applicable to the Alabama statute. An architect who prepares the drawings, plans and specifications for a building, and superintends the erection thereof, may as truly be said to perform labor thereon, as any one who takes part in the work of construction. That he is within the protection of the statute, is a proposition well supported by adjudications upon other similar statutes.—Phillips on Mechanics Liens (2nd Ed.), § 158.

Dr. Hughes, who was the owner of the building in question, and under a contract with whom, as claimed by the plaintiff, the services were rendered, died, intestate, before the suit was instituted. The only defendant was the administrator of his estate. On the death of the intestate, his heirs became the owners of the property. A lien can not be declared and enforced in a proceeding to which the owner of the property on which the lien is claimed is not a party.—*Roman v. Thorn*, 83 Ala. 443. If the suit had been brought against the intestate in his life-time, it could have been revived and prosecuted against his personal representative alone, without making his heirs parties. The statute expressly provides for that contingency.—Code, § 3031. This provision does not apply to suits brought after the death of the owner or proprietor of the property. In such case, the general rule applies, that he who is, at the time the suit is commenced, the owner of the building or structure upon which the lien is sought to be enforced, is a necessary party defendant, without whose presence the lien can not be declared or enforced.—15 Am. & Eng. Encyc. of Law, 165; Phillips on Mechanic's Liens, § 393. The personal representative of the deceased owner may also be made a party defendant. The prohibition against bringing suits against personal representatives within six months after the grant of letters, does not apply to suits for the enforcement of such liens.—Code, § 3043. Because of the absence of necessary parties defendant, the judgment must be reversed.

Reversed and remanded.