(81 South. 68)

SORSBY et al. v. WOODLAWN LUMBER CO. (6 Div. 859.)

(Supreme Court of Alabama. Jan. 16, 1919.)

1. MORTGAGES ⊕=226—POSSESSION OF MORTGAGOR—CONVEYANCE BY MORTGAGE.

The possession of a mortgagor is not adverse to the mortgagee, in the sense to render void the mortgage, or a deed by the mortgagee to a third party, and such deed would pass the mortgagee's legal title, subject to the equitable title of the mortgagor, which might include the right of possession.

2. MECHANICS' LIENS ⊕=57(1), 187 — IMPROVEMENTS BY MORTGAGOR.

A mortgagor in possession is the owner of premises, in such sense that he can contract for improvements to be placed on the premises, and mechanics or materialmen may acquire a lien therefor, which may be enforced against the interest of both mortgagor and mortgagee.

3. MECHANICS' LIENS ⊕=263(7) — FORECLOSURE—NECESSARY PARTIES—MORTGAGEE.

A mortgagor in possession before foreclosure is not the owner of the legal title, or owner in such sense as to dispense with the necessity of

[1] 201 Ala. 601.

having the legal title before the court in a bill to enforce mechanics' liens, either upon the land or the buildings thereon, Code 1907, § 4766, providing that mortgagee is not bound by proceedings unless a party thereto.

4. MECHANICS' LIENS ☞5 — STATUTES — NECESSITY OF COMPLIANCE.

The lien a materialman or mechanic acquires is by virtue of the statutes only, and the statutory requirements as to acquiring and enforcing it must be pursued, else it is lost or does not exist; it being neither a right in nor to property, but simply a right to charge property.

5. MECHANICS' LIENS ☞263(7) — FORECLOSURE—NECESSARY PARTIES—MORTGAGEE.

A mortgagee, who on the date he received the mortgage giving him legal title, and before the bill for foreclosure of the mechanic's lien was filed, or the lien had attached, conveyed his interest to another, was not a proper or necessary party to the proceeding for foreclosure.

6. MECHANICS' LIENS ☞263(4)—PARTIES.

In proceedings to foreclose a mechanic's lien, a party holding the legal title as purchaser from the mortgagee is a necessary party.

7. MECHANICS' LIENS ☞260(4) — BRINGING IN NEW PARTIES.

Where original bill to foreclose mechanic's lien, filed within the 6 months required by Code 1907, § 4777, sought only a decree in rem subjecting the property to the lien, and assignee of mortgagee was not made a party, although deed from mortgagee to her was filed of record, and complainant knew all the facts prior to the expiration of the 6 months, an amendment to the bill, made after expiration of the 6 months, making such assignee a party, could not relate back to the time of filing the original bill, but was barred by the statute.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by the Woodlawn Lumber Company against Mrs. I. K. Sorsby and others. Judgment for plaintiff, and certain defendants appeal. Reversed, rendered, and remanded.

James L. Cole, of Montevallo, for appellant Sorsby.

Sterling A. Wood, of Birmingham, for appellant King.

J. S. Kennedy, of Birmingham, for appellee.

MAYFIELD, J. This appeal again presents the question as to whether or not this bill was filed in time against Mrs. I. K. Sorsby. The question was raised on the former appeal. See report of it in King v. Woodlawn Lumber Co., 78 South. 893.[1] The question was not decided there, for the reason no relief was sought against Mrs. Sorsby. The bill has since been amended, so as to seek relief against her, even to the cancellation of her deed; so the question is now raised and must be decided.

Section 4777 of the Code is a statute of limitations as to suits to enforce liens under the statute. The original bill was filed in ample time, but the party holding the legal title to the property against which the lien is sought to be enforced was not made a party thereto until 2 years after the bill was filed, and no sufficient reason is shown for not sooner making her a party. It is true the original bill alleged that one of the respondents, one Wilson, was the owner of the property, and this allegation is yet in the bill as last amended; but it is there as a mere conclusion of the pleader, which is not justified, but disproved, by the facts alleged.

The facts alleged show the legal title to be in Mrs. Sorsby, both as to the lot and the improvements thereon, as to which the lien is sought to be enforced. The facts in the bill as last amended show that the respondent King originally owned the lot, that he sold and deeded it to one Wilson, who mortgaged it back to King by the execution of two mortgages, and that King, on the same day that the legal title passed back to him by the mortgage, conveyed by absolute deed to Mrs. Sorsby, in whom the legal title resided when the bill was filed, and in whom it yet resides, so far as the bill shows.

[1, 2] It is true the bill alleges that the deed of King to Mrs. Sorsby was void, because Wilson was then in possession of the land, holding it adversely to King and Mrs. Sorsby. This, however, is an unwarranted conclusion of the pleader. The possession of the mortgagor is not adverse to the mortgagee, in the sense to render the mortgage void, nor a deed by the mortgagee to a third party. It is true the deed would pass only the title of the mortgagee, but it would pass that, and that was the legal title, subject, however, to the equitable title of the mortgagor, which might include the right of possession. There is no doubt that a mortgagor in possession is the owner in such sense as that he can contract for improvements to be placed on the premises, and that under such contract by him, under our statutes, the mechanics and materialmen may acquire a lien on the premises, which may be enforced against the interest of both the mortgagor and mortgagee, or their assigns, who might be chargeable with notice thereof; yet the legal title is in the mortgagee or his assignee, and not in the mortgagor or the lienors. The mortgagor in possession before foreclosure is the owner or proprietor within the meaning of the statutes, and is thereby authorized to contract for buildings or repairs on the mortgaged premises.

[3] He is not, however, in such case, the owner of the legal title, or the owner in such sense as to dispense with the necessity of having the legal title before the court in a bill to settle and enforce the liens, either upon the land or buildings erected thereon.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 201 Ala. 539.

It may be, though we do not decide the question, that the lienor might proceed in a court of law or equity to have his lien declared and enforced in a suit against the mortgagor only, if he was the owner and had contracted for the improvement of the premises, and thus created the lien; but in such case he could enforce it against the mortgagor's interest only, and not that of the mortgagee. The mortgagee could not, of course, be bound by a proceeding to which he was not a party; in fact, the statute expressly so provides. Code, § 4766.

[4] The lien the materialman or mechanic acquires is by virtue of the statutes only, and the requirements of the statutes as to acquiring and enforcing it must be pursued, else it is lost or does not exist. The lien is neither property nor is it a right in or to the property; it is neither a jus in re nor a jus ad rem. It is simply a right to charge the property which it affects with the payment of a particular debt. Porter v. Miles, 67 Ala. 130, 139.

[5] If the lien should affect the property rights only of the mortgagor, and not those of the mortgagee, then the mortgagee would not be a proper or necessary party. If however, it does affect the property rights of the mortgagee, then of course he is a proper party, and, if his rights are sought to be adjudged and foreclosed, he is a necessary party; otherwise, the proceeding would be void as to him, as no one can be concluded by proceedings to which they are not parties.

If the facts alleged in this bill are true, the mortgagee, King, had no interest, legal or equitable, in the lands or improvement, as to which the lien was sought to be enforced; he having conveyed all the interest he had in and to the property to Mrs. Sorsby before the bill was filed, or the lien attached. Consequently King was not a proper or necessary party, as no attempt is made to obtain any personal decree against him or any other person. No personal judgment or decree is sought or is obtainable against Wilson, the mortgagor in this suit, because the bill alleges he is not only a nonresident of the state, but of the United States; and no attempt is made to obtain service against him, even by publication.

[6] The other respondents, except Mrs. Sorsby, are only lienors, as mechanics or materialmen; hence no one of the defendants before the court, or sought to be brought before the court, had any title, legal or equitable, to the lot or improvements thereon, until Mrs. Sorsby was brought before the court by the amendment. It therefore appears, from the bill as last amended, that no one was ever before the court who had any legal or equitable title to the property sought to be affected by the lien, until Mrs. Sorsby was brought in.

[7] While the bill was originally filed within time, and Wilson and King were made parties, Wilson was alleged to be a nonresident, and to be in Canada, and could not be served, nor was he sought to be brought in by publication or otherwise, and no personal decree or judgment was sought against him or King, or any other person; the only relief sought being a decree in rem decreeing the property or improvements to be subject to the lien, and that they be sold to satisfy the lien, and the purchaser be allowed to remove the improvements off the lot. When there is no claim that the improvements were made or placed there solely by the complainant, the most that is shown is that its material went into the building.

The amended bill, when shorn of gratuitous conclusions of the pleader, shows that King has no interest, legal or equitable, to the property, the lot or improvements, for that it shows he had conveyed to Mrs. Sorsby. Mrs. Sorsby and Wilson are therefore the only persons who by the amended bill are shown to have any title, legal or equitable, to the property in question; and as Wilson is not before the court, and not sought to be brought before it, except to name him as a nonresident defendant, Mrs. Sorsby is the only one to defend or represent the property sought to be affected by this lien. As held on former appeal, no relief was sought against her or her property by the bill, or any one of its first eight amendments; and it was only amended after the reversal, so as to ask relief against her, her property, or her deed. Until this last amendment, there was no need to plead or demur, as was held on former appeal. So she was not called on by this complaint to defend against the asserted lien upon her property until 4 years after the debt accrued. That she was not sooner made a party and required to defend was the fault of complainant—certainly so after her deed was filed of record and complainant knew all the facts. This was in ample time to have made her a party within 6 months as required by the statute. Section 4777 of the Code.

The mere fact that the original bill, to which she was not a party, was filed within 6 months, or the time required by the statute, cannot serve to make this amended bill against her in time. The amendment making her a party, and seeking to enforce the lien against her property, cannot be made to relate back to the time of filing the original bill. This question was decided by this court more than 30 years ago, construing this very statute or its progenitors. In that case Mrs. Seibs was added as a new party by an amendment after the bar was complete—the time then being 90 days, instead of 6 months, as now—and Stone, C. J., said:

"The claim had been made out and filed in the probate office as against Mr. Seibs, and no reference was made either in the claim, or in

the complaint, to any ownership Mrs. Seibs might have in the property. In June, 1885, the complaint was amended, by inserting the name of Mrs. A. E. H. Seibs, wife of J. G. Seibs, as a party defendant, and averring that the property was hers, and that the liability and lien rested on her. To this amended complaint Mrs. Seibs pleaded the statute of limitations of 90 days, as a bar to the action, so far as it proceeded against her property. No demurrer was interposed to this plea, and we·must treat it as if issue of fact was joined upon it. This, however, was immaterial; for, if it had been demurred to, the demurrer should have been overruled. The amendment introduced a new party, and as to her it was the commencement of the action. The statute of limitations was a complete bar, so far as she was concerned." Seibs v. Englehardt, 78 Ala. 508.

These statutes have been repeatedly re-adopted with this construction placed upon them, and if we doubted the correctness of the decision—which we do not—it is now too late to depart therefrom. It follows that Mrs. Sorsby's plea of the statute of limitations of 6 months was a complete defense to the suit against her, and the court erred in holding it insufficient.

We are not unmindful of appellee's contention, that the bill as last amended alleges Mrs. Sorsby has no title to the property and that her deed is void, and the only relief sought against her is to cancel her deed as a cloud on title; but, as we have shown, construing the bill most strongly against the complainant, it does show the legal title to the property to be in Mrs. Sorsby, and not in Wilson, as the conclusion of the pleader places it. If the relief prayed be granted, the lien would be satisfied by subjecting her property to the payment of it; the most the bill shows is that complainant's debt due from Wilson is a lien or charge upon her property.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.