(122 So. 178)

## STURDAVANT et al. v. FIRST AVE. COAL & LUMBER CO.   (6 Div. 260.)

Supreme Court of Alabama.   May 2, 1929.

Howze & Brown, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

THOMAS, J. The question for decision is that of agreed question of law under section 6090, Code of 1923.

The question presented is that for enforcement of the materialman's lien by virtue of a contract with the owner or proprietor of a building for improvements on lands, under the statute. Section 8832, Code.

■■ The statute provides three alternatives for lien: (1) When material furnished or labor done by virtue of contract with the owner or his agent; (2) when due notice is given that material will be furnished or labor done, and the owner on receiving notice fails to give notice that he will not be responsible; (3) when notice is given to subject the unpaid balance in the hands of the owner or proprietor. Section 8840, Code of 1923. Richardson Lumber Co. v. Howell, 122 So. 343;[1] Avondale Lbr. Co. v. Hudson, 214 Ala. 128, 106 So. 803; Thornton v. Vines, 213 Ala. 646, 106 So. 42. The lien is based on contract, express or implied, to pay for such improvements made on real property, or there must be an effectual ratification of such contract. Richardson v. Little, 209 Ala. 351, 96 So. 144. A valid contract of purchase is the prerequisite, and the materialman must establish the same with the owner or proprietor, or his agent, as those terms are employed in the statute. First Colored Church v. Wood Lumber Co., 205 Ala. 442, 88 So. 433.

■ The words "owner or proprietor," as used in the statute, section 8832, refer to the time of the contract and execution thereof

---

[1] Post, p. 328.

when the material, etc., went into the building or improvement. In the instant case the contracting owners were Rimer and Vickery, who so obtained the material employed in erecting the building upon the land. In a former appeal, as to some of the lots in the instant plot or block, it was declared that substantial work, conspicuous in character as the improvements progress upon the lot, was sufficient notice within the time of the statute to warn all who dealt with such real property of the rights of the materialmen, and that a conveyance made within the statutory period would be subject to such lien, if perfected. Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90.

The agreed facts show that, when appellee filed his notice of lien, March 13, 1926, and two days thereafter sought to enforce his lien by suit, Rimer and Vickery were the contracting owners of the property. The Mortgage Bond Company of New York as first mortgagee and A. M. Grimsley as second mortgagee were made parties defendant; and that at the time of this suit complainants did not have actual notice or knowledge of the fact that on October 12, 1925, Rimer and Vickery—the owners of the land—had conveyed to S. A. Sturdavant, the conveyance not being recorded until December 4, 1926, or "actual knowledge or actual notice of the fact that" the possession was delivered to such purchasers. When the cause was to be heard on March 4, 1927, it was brought to the attention of complainant that Sturdavant was in possession and claimed the property by virtue of said deed, and there was amendment of the bill by complainant on February 21, 1928, "by making S. A. Sturdavant a party respondent and praying in said bill that its lien be declared superior to any right or title of the said Sturdavant in said property.

"On the hearing of this cause the court rendered a decree fixing a lien on this property for the sum of $2,123.53 which was the amount of the debt and interest to date of trial, a copy of which decree the clerk will attach to this statement of facts."

■ As affecting the rights of the complainant to the lien of the statute, Rimer and Vickery, not the Mortgage Bond Company or Grimsley, were the owners of the property subject to and within the contract meaning of that statute; and they were proper parties to the suit to perfect the lien against them or either of them. As to complainant's superior lien to each of said parties, or either of them, the necessary defendants were before the court as the "owners or proprietors" of the land. Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90; Jackson v. Farley, 212 Ala. 594, 103 So. 882; Hughes v. Torgerson, 96 Ala. 346, 349, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; Roman v. Thorn, 83 Ala. 443, 3 So. 759; Sorsby v. Woodlawn L. Co., 202 Ala. 566, 81 So. 68; Oglethorpe

Sav. & Trust Co. v. Morgan, 149 Ga. 787, 102 S. E. 528; Carswell v. Patzowski, 4 Pennewill (Del.) 403, 55 A. 342, 1013; Fourth Ave. Baptist Church v. Schreiner, 88 Pa. 124; Jones v. Shawhan, 4 Watts. & S. (Pa.) 257; McCoy v. Quick, 30 Wis. 521; Colley v. Doughty, 62 Me. 562. And the trial court was not in error in the rendition of the decree that complainant's liens on the land and building thereon are superior to any right, title, claim or interest in or to said property, in favor of the Mortgage Bond Company or the second mortgage of A. M. Grimsley.

The right of superior lien of complainant to S. A. Sturdavant requires that we consider other provisions of the statute as to the perfection and enforcement of said lien by suit. Had Sturdavant been made a party defendant when the bill was filed or within the period of statute for bringing suit, after the accrual of complainant's lien, his rights would have been concluded under the statute by foregoing considerations.

■ It is established that the lien is neither the property nor a right in or to the property; it is merely the statutory right to charge the property which it affects with the payment of a particular debt. And, if duly insisted upon by suit to judgment, may have satisfaction by sale of the property, if necessary. That is to say, the right to lien and satisfaction is inchoate until perfected "by the rendition of a judgment in rem, in the mode pointed out by the statute and in substantial compliance with its requirements." Sorsby v. Woodlawn Lbr. Co., 202 Ala. 566, 81 So. 68; Cocciola v. Wood-Dickerson Sup. Co., 136 Ala. 532, 33 So. 856; Long v. Pocahontas Coal Co., 117 Ala. 587, 23 So. 526; McConnell v. Meridian Sash & Blind Factory, 112 Ala. 582, 20 So. 929; Wadsworth v. Hodge, 88 Ala. 500, 505, 7 So. 194; Porter v. Miles, 67 Ala. 130.

■ What then are the statutory requirements as to the bringing of suit in which the instant judgment in rem may be rendered as affecting subsequent conveyances by the contracting owner or proprietor who thus procured the building or improvements upon the land? A phase of this question was touched in Grimsley v. First Ave. Coal & Lbr. Co., 217 Ala. 159, 115 So. 90.

The provision of the statute declaratory of due process is found in section 8844, Code, to the effect that in such actions persons interested in the matter in controversy or in the property charged with the lien, not made parties, shall not be bound by the judgment rendered or judicial proceedings had. Jefferson County Sav. Bank v. Ben F. Barbour Plumbing & Electric Co., 191 Ala. 238, 244, 68 So. 43. The amendment making Sturdavant a defendant, under the general rule of relation to the beginning of the suit, would have met the requirements of due process and of amendments, had there been no specific statute of limitation. The general rule of amendment and relation back to the filing of the suit without working an entire change of parties is to be found in Ala. Ter. & Imp. Co. v. Hall & Farley, Trustees, 152 Ala. 262, 44 So. 592.

The real difficulty is presented by the amendment, after expiration of six months from maturity of complainant's indebtedness, as to the defendant Sturdavant, the grantee from the original contract owner. The statute declares, except as provided, that all liens under article 1, c. 314, § 8855, Code, "shall be deemed lost, unless suit for the enforcement thereof is commenced within six months after the maturity of the entire indebtedness secured thereby." The requirement of suit within the limited time from accrual of claim or filing of lien was introduced by section 15 of the Act of March 6, 1876 (Acts 1875–76, p. 169), and given appropriate place in the several Codes, with different periods within which suit may be or required to be instituted, and, as a "limitation" on such right to the remedy provided by the statute, has been considered by this court. Seibs v. Engelhardt, 78 Ala. 508; Jefferson County Sav. Bank v. Barbour P. & E. Co., 191 Ala. 238, 68 So. 43; Jefferson P. & M. Sup. Co. v. Peebles, 195 Ala. 608, 71 So. 413; Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105; Sorsby v. Woodlawn Lbr. Co., 202 Ala. 566, 81 So. 68.

In Pilcher v. E. R. Porter Co., 208 Ala. 202, 94 So. 72, the land improved was subject to prior mortgage and the lien on the land was subordinate to prior incumbrance. It was, however, superior thereto on the building or structure added to the land; the lien had been established at law against the owner and against the building, within the time required by statute; after expiration of six months from maturity of indebtedness a suit in equity was upheld to determine priorities between such lienor and the prior incumbrances on the land, though the latter suit was not commenced within six months after maturity of the debt, the basis of the lien; that is, bills in equity "necessary to determine priority between mechanic's lien and mortgagee" are not controlled by the "statutory limitations" against suits to foreclose the lien of a materialman under section 4777, Code of 1907, section 8855, Code of 1923; Jackson v. Farley, 212 Ala. 594, 103 So. 882; Vesuvius Lumber Co. v. Ala. Fidelity Mortg. & Bond Co., 203 Ala. 93, 82 So. 107; Id., 204 Ala. 439, 85 So. 709; Jefferson County Sav. Bank v. Barbour, etc., Co., 191 Ala. 238, 247, 68 So. 43.

In the instant case it was sought, in the first instance, to establish and enforce the materialman's lien against the lot and buildings placed thereon in the use of complainant's materials furnished per contract with the owner, and to establish the priorities of mortgagees and the lienholder. When it was known that said owner had conveyed his

.rights to Sturdavant, the purpose of making the latter a party by amendment was, that in one decree he answered the questions whether complainant had a lien on the house and lot in question that may be enforced or satisfied from the house and lot or from the house only, to ascertain and declare the priorities as between lienholder and mortgagees, and to fix the status of Sturdavant's after-acquired interest as a subsequent purchaser of the property, while being so improved, or was in such condition and character as to inform as to the materialman's liens.

The cases cited by appellant are worthy of a careful consideration. In Seibs v. Engelhardt, 78 Ala. 508, the lien was perfected and suit within the time brought against Mr. Seibs, and after the bar of the statute sought to be enforced against Mrs. Seibs. This was the attempted violation of the rule against a complete change of parties by amendment. This is denied under our system of pleading. Richardson v. Hopkins (Ala. Sup.) 118 So. 465,[1] and authorities. In Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L. R. A. 600, 38 Am. St. Rep. 105, the only defendant was the administrator of the contracting owner. It was there held the lien could not be declared and enforced in the absence of the owner's heirs. Roman v. Thorn, 83 Ala. 443, 3 So. 759. Had the suit been instituted against the owner, the same may have been revived and prosecuted to judgment against the personal representative. Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794.

In the case of Sorsby v. Woodlawn Co., 202 Ala. 566, 81 So. 68, the facts averred are that "King owned the lots, conveyed them to Wilson when the latter executed to him two mortgages on the lots to secure the purchase price, and * * * King, on the same day, that legal title passed back to him by the mortgages, conveyed by absolute deed to Mrs. Sorsby, in whom the legal title resided when the bill was filed"; that complainant was the Woodlawn Lumber Company and the defendant named therein was King, who was served with process, though he did not contract for the material in question, and the codefendant was Wilson, a nonresident, who contracted for the material in question, was never served with process, nor did he appear as a party defendant, and was not before the court. Thus it was held that no one was before the court who held the legal title as the contracting owner on which the lien was dependent in the proceeding for its enforcement. After expiration of six months from accrual of complainant's indebtedness contracted for by Wilson, it was sought to make Mrs. Sorsby a defendant, and this was defeated by her plea of the six months statute in bringing the suit against her as the owner, and that as to her the amendment did not relate back to the bringing of the suit. The reason for this ruling was that King did not contract for the material or building, this being by reason of Wilson's contract with complainant and that Wilson was not before the court or bound by the decree to be rendered. In Jackson v. Farley, 212 Ala. 594, 596, 103 So. 882, 884, this defect in the pleading is adverted to as follows:

"In Sorsby v. Woodlawn Lumber Co. the owner of the property, with whom complainant had its contract, was not made a party to the proceeding to foreclose the mechanic's lien."

In the case of Vesuvius Lumber Co. v. Ala. Fidelity Mortgage & Bond Co., 203 Ala. 93, 82 So. 107, the facts were: Material was furnished to the College Court Realty Company for the erection of buildings upon separate lots of its subdivision, and judgment was recovered for materials furnished and liens declared upon each; these lots, with other property of defendant, were sold and purchased by complainants, subject to a prior mortgage held by the Alabama Fidelity Mortgage & Bond Company which was foreclosed and purchased by mortgagee after complainants' judgments were obtained, but before sale of the lots in satisfaction of materialmen's liens. The bill of Vesuvius Lumber Company sought (1) to have its lien decreed to be prior to the title of mortgagee-purchaser, (2) to be given the right to remove the buildings, and (3) prayed for general relief. The contracting owner of the College Court Realty Company and the mortgagee-purchaser at foreclosure sale were made respondents; the College Court Realty Company made no objection to the bill, the Fidelity Company demurred thereto, which demurrer was sustained, and the bill was dismissed, and decree was reversed on appeal. One of the objections made to the maintenance of the bill was, that it was not filed within six months of the maturity of the indebtedness to Vesuvius Lumber Company et al. (section 4777, Code of 1907, same as section 8855, Code of 1923), and it was insisted that the case of Jefferson County Bank v. Barbour, etc., Co., 191 Ala. 238, 68 So. 43, was authority for and supported the ruling of the trial court in sustaining demurrer. The court said:

"In the last-mentioned case the complainant, who had made repairs upon property under a contract with the original owner, sought priority over the defendant, who had purchased at the foreclosure of his own prior mortgage to the extent the repairs had increased the value of the property. * * * It was considered that, as between the mortgagee and the statutory lienor, the circumstances of the case raised these questions in addition to and different from the questions raised in a case where the statutory lienor has furnished work and labor or materials for the erection of a building on a previously unimproved lot, viz. whether repairs were

---

[1] 218 Ala. 280.

made in such sort as to require a sale of the entire property for their satisfaction, that is, whether work and labor or materials had been inseparably incorporated into buildings which had gone to secure the mortgage in its inception, and, if so, whether the value of the property as a whole was thereby enhanced, and the enhancement less than the contract price or separate value of the work and labor done or materials furnished in making the repairs; all being questions the prior mortgagee had a right to contest as affecting his constitutional right to the unimpaired security of his mortgage as it was in its inception. * * *

"* * * Appellants' statutory liens for materials furnished have, by proceedings under the statute, been converted into the ownership of the buildings, and the only true purpose of the bill, and that we think a legitimate one, is to separate the interests of the parties—the interest of complainants from that of defendant. We can make nothing else of the operation of the statute in the peculiar circumstances disclosed by this bill. It follows that the last-named ground of demurrer to appellants' bill should have been overruled along with the rest."

In Pilcher v. E. R. Porter & Co., 208 Ala. 202, 94 So. 72, the difference, as to the extent and nature of the lien, as affecting mortgage rights where the material was used in making new and independent improvements on mortgaged land and where used merely in repairs and betterments, was clearly indicated, and the lien for improvements as "a mere betterment" may not be enforced against the rights of a mortgage, unless the suit is brought within six months "after the maturity of the entire indebtedness secured thereby." To the same effect was Vesuvius Lumber Co. v. Ala. Fid. Mtg. & Bond Co.; Jefferson County Sav. Bank v. Barbour Co., supra.

The instant case is within the reason and principles of Vesuvius Lumber Co. v. Ala. Fid. Mtg. & Bond Co., Pilcher v. E. R. Porter & Co., and Jackson v. Farley, supra. Rimer and Vickery owned the vacant lot and contracted with appellee to furnish certain building materials which were used in the "construction of a house on said property"; the delivery began "at the time the work on the building commenced on September 8, 1925, and the whole claim accrued December 25, 1925; the mortgage to the defendant Bond Company was made and recorded after the erection of the house began and was visible, September 19th, and the deed to Sturdavant dated October 19th was not filed for record until December, 1926." It is averred that Sturdavant went into the immediate possession of his lot and "lived there ever since." It is further averred "that the account of the First Avenue Coal & Lumber Company not being paid, it filed in due form its notice of

lien in the Probate Office for Jefferson County, Alabama, on March 13, 1926, alleging that F. D. Rimer and P. H. Vickery were the owners of the property, and on March 16, 1926, the said First Avenue Coal & Lumber Company filed its bill of complaint to enforce a lien on said property for the sum of $1,838.65, which bill was in due form and which made as parties respondents, F. D. Rimer, P. H. Vickery, A. M. Grimsley the holder of a second mortgage on said property, and the Mortgage Bond Company of New York, the First Avenue Coal & Lumber Company not having actual knowledge or actual notice of the conveyance to S. A. Sturdavant above referred to, or actual knowledge or actual notice of the fact that he was in possession." And on February 21, 1928, S. A. Sturdavant was made a party defendant.

We are of opinion that the plea of the statute of six months by Sturdavant is not available to either of the defendants, as to the building in question erected upon the lot, and that there was no error in decreeing "that said liens on said land and said building are superior to any right, title, claim or interest in or to said property in favor of A. M. Grimsley, S. A. Sturdavant, and the Mortgage Bond Company of New York, a corporation"; and that it was correctly "further ordered, adjudged and decreed by the Court, that the respondents, F. D. Rimer and P. H. Vickery, pay said sum of $2,123.53, together with the cost of this proceeding to the Register of this Court."

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

