232 So.2d 643

**LILY FLAGG BUILDING SUPPLY CO., Inc.**

v.

**J. M. MEDLIN & CO. et al.**

8 Div. 360.

Supreme Court of Alabama.

March 5, 1970.

Watts, Salmon, Roberts & Stephens, Frank K. Noojin, Jr., Huntsville, for appellant.

**404**

Camp, Page, Williams, Utsey & Spurrier, Don T. Terrell, Huntsville, for appellees.

MADDOX, Justice.

This was an action to enforce a materialman's lien pursuant to Title 33, § 37, et seq, Code of Alabama 1940. Appellant, Lily Flagg Building Supply Co., Inc., initially filed its action against J. M. Medlin & Co. solely, and subsequently amended its complaint to add as parties Medlin's grantees, William G. Cassady and wife, Eileen Cassady, and New York Bank for Savings, as-signee holder of a mortgage from Cassady and wife to Advance Mortgage Corporation.

After demurrers of each respondent were sustained to complainant's bill, as last amended, complainant took this appeal under the provisions of Title 7, § 755, Code, as amended by Act No. 72, Ex. Session, 1967, Acts of Alabama, p. 1947.

From the pleadings it appears that Medlin owned a certain lot in Madison County, that he made a contract on February 22, 1965, with Lily Flagg to furnish certain building materials which were actually used in the construction of improvements on the lot and that Medlin owed Lily Flagg $3,-054.52 as of July 10, 1965, which remained due and unpaid.

Lily Flagg filed a verified statement of lien in the office of the Judge of Probate on October 25, 1965, and filed complaint against Medlin on November 2, 1965. Medlin demurred to the original bill on December 22, 1965, and assigned additional grounds of demurrer on January 12, 1967. The trial court sustained the demurrer on January 12, 1967. On February 2, 1967, more than a year after the original bill was filed, Lily Flagg amended the bill to add William G. Cassady and Eileen Cassady and New York Bank for Savings as respondents.

Prior to the commencement of the suit and prior to the filing of the verified statement of lien by the complainant, the subject lot had been conveyed by Medlin to Cassady and wife by deed dated July 16, 1965, and recorded July 19, 1965. The Cassadys gave a mortgage on the lot on July 16, 1965, to Advance Mortgage Corporation. This mortgage was recorded July 19, 1965, and was assigned to New York Bank for Savings by assignment dated September 1, 1965, and recorded September 3, 1965.

The primary question presented here is whether the amendment adding Cassady and wife and the New York Bank for Savings was barred by the limitation of six

months set out in Title 33, § 42, Code of Alabama 1940.

■ It seems to be well settled that a materialman's or mechanic's lien created by Title 33, § 37 et seq., Code of Alabama 1940 (Recompiled 1958), is not perfected until every requirement of the statutes creating such lien has been complied with, and such lien remains inchoate and loses all force and vitality unless suit is brought and prosecuted to final judgment. United States v. Costas, 273 Ala. 445, 142 So.2d 699 (1962), and the many cases there cited.

Appellant contends that under our lien law, as interpreted by our cases, if the contracting owner (Medlin here) is made a party respondent within the six-month period as required by Title 33, § 42, a subsequent purchaser or subsequent encumbrancer whose interest is acquired after work commences on the building or improvement need not be made a party respondent during the six-month period after maturity of the entire indebtedness.

Appellant cites Benson Hardware Co. v. Jones, 223 Ala. 287, 135 So. 441 (1931); Sturdavant v. First Ave. Coal Co., 219 Ala. 303, 122 So. 178 (1929) and Grimsley v. First Ave. Coal & Lmbr. Co., 217 Ala. 159, 115 So. 90 (1928) to support its contention.

Authorities in other jurisdictions seem to be divided on the effect of an amendment as to parties on the computation of the statutory period in actions seeking enforcement of a mechanic's lien. See 75 A.L.R. 713. Unfortunately, our own cases are hard to reconcile and distinguish on this question.

■■ We have reviewed all of our cases which have touched on the question here presented and have also reviewed cases from other jurisdictions. Our job is to try to determine what the Alabama Legislature intended and to reconcile our cases because a materialman's lien is a creature of statute. Unquestionably, the general policy of the statute is to secure to the materialman and the laborer the just reward of their material and labor, and is based upon the general equitable principle that one should not enjoy the benefit thereof without just compensation therefor. Since the lien is a creature of statute it cannot be extended beyond the purposes and plain requirements of the statutes.

What we said in Sorsby v. Woodlawn Lmbr. Co., 202 Ala. 566, 81 So. 68 (1919) can be paraphrased and is applicable here. The amended bill shows that Medlin has no interest, legal or equitable, to the property, lot or improvements; for that it shows that Medlin had conveyed the lot to the Cassadys, who in turn had mortgaged it to Advance Mortgage Corporation, which assigned its interest to New York Bank for Savings.

The Cassadys and New York Bank for Savings are the only persons or entities who by the amended bill are shown to have any title, legal or equitable, to the property in question. No relief was sought against the Cassadys or New York Bank for Savings in the original bill filed November 2, 1965. These parties were not called upon to defend against the asserted lien until February 2, 1967, when the complainant amended the original bill to add the Cassadys and New York Bank for Savings as party respondents. That they were not sooner made parties and required to defend was the fault of complainant—certainly so after the Cassadys filed their deed of record and New York Bank for Savings filed of record the mortgage assignment.[1] The

---

1. Complainant's amended bill, in part, reads:
"* * * E. The present owners of the said property are William G. Cassady and wife, Eileen Cassady. Said Respondents hold record title to said property under a deed dated July 16, 1965, of record in Deed Book 363, page 475, Office of the Probate Judge, Madison County, Alabama, said deed having been filed for record on July 19, 1965, and said Respondents have held title

complainant had ample time to have made the Cassadys and New York Bank for Savings parties within six months as required by Title 33, § 42.

We have carefully studied *Sturdavant*, supra, and must admit to some difficulty in reconciling the reasoning used there with some of our earlier cases and some of our cases decided since *Sturdavant*.[2] The facts in *Sturdavant* are materially different from the fact situation in this case. As the parties agreed in *Sturdavant*, the facts were as follows:

"The agreed facts show that, when appellee filed his notice of lien, March 13, 1926, and two days thereafter sought to enforce his lien by suit, Rimer and Vickery were the contracting owners of the property. The Mortgage Bond Company of New York as first mortgagee and A. M. Grimsley as second mortgagee were made parties defendant; and that at the time of this suit complainants did not have actual notice or knowledge of the fact that on October 12, 1925, Rimer and Vickery—the owners of the land—had conveyed to S. A. Sturdavant, the conveyance not being recorded until December 4, 1926, or 'actual knowledge or actual notice of the fact that' the possession was delivered to such purchasers. When the cause was to be heard on March 4, 1927, it was brought to the attention of complainant that Sturdavant was in possession and claimed the property by virtue of said deed, and there was amendment of the bill by complainant on February 21, 1928, 'by making S. A. Sturdavant a party respondent and praying in said bill that its lien be declared superior to any right or title of the said Sturdavant in said property.

" 'On the hearing of this cause the court rendered a decree fixing a lien on this property for the sum of $2,123.53 which was the amount of the debt and interest to date of trial, a copy of which decree the clerk will attach to this statement of facts.' "

As is readily apparent in *Sturdavant*, the complainant had no actual notice or knowledge at the time he commenced his suit or within the six-month period that the owners had transferred their interest to *Sturda-*

---

thereto continuously since the date of said deed.

F. There appears of record in the Office of the Probate Judge of Madison County, Alabama, the following outstanding mortgages on the above described property, to-wit:

A mortgage from William G. Cassady and wife, Eileen Cassady, to Advance Mortgage Corporation dated July 16, 1965 filed July 19, 1965 of record in Mortgage Book 843, page 685.

Said mortgage has been assigned to the Respondent New York Bank for Savings dated September 1, 1965, filed September 3, 1965 of record in Mortgage Book 859, page 755. * * * "

2. A statement in *Sturdavant*, attempting to distinguish *Sorsby*, supra, appears to be in error. The statement reads:

" * * * After expiration of six months from accrual of complainant's indebtedness contracted for by Wilson, it was sought to make Mrs. Sorsby a defendant, and this was defeated by her plea of the six months statute in bringing the suit against her as the owner, and that as to her the amendment did not relate back to the bringing of the suit. The reason for this ruling was that King did not contract for the material or building, this being by reason of Wilson's contract with complainant and that Wilson was not before the court or bound by the decree to be rendered. In Jackson v. Farley, 212 Ala. 594, 596, 103 So. 882, 884, this defect in the pleading is adverted to as follows:

'In Sorsby v. Woodlawn Lumber Co. the owner of the property, with whom complainant had its contract, was not made a party to the proceeding to foreclose the mechanic's lien.' "

We have checked the original record in *Sorsby*. W. J. Wilson was named in the initial pleading as the "owner or agent or contractor of the owner." Admittedly, the original record filed in this court fails to show that Wilson was ever served with process (some of the pleadings indicate he may have been in Canada), but the statement which refers to a defect in the pleading seems to be in error.

-vant. We think *Sorsby* inferentially says the same thing and holds that unless a complainant has knowledge (actual or constructive) of the interest, either legal or equitable, of a particular party, he need not join him as a party within the six-month period, unless he acquires knowledge of such party's interest within the six-month period, enabling him to amend to add such party.

While *Sturdavant* can be distinguished because the lien claimant there did not have notice of the interest of the subsequent purchaser during the time allowed by statute for the commencement of the suit, such is not the case in Benson Hardware Co. v. Jones, supra.

In *Benson Hardware,* the owner of the legal title did intervene in the action to establish the lien and later withdrew. This is a factual distinction from the case here, but the legal result reached in *Benson Hardware* is most difficult to reconcile.[3] In Adams Supply Co. v. United States Fidelity and Guaranty Co., 269 Ala. 171, 111 So.2d 906 (1959), we held as follows:

> "Adams was not entitled to a declaration to the effect that it has a lien on the property of Dallas, Clover and Happiness Homes. Those corporations are the owners of the property against which Adams says it is entitled to a lien. They are not parties to this litigation. *In Statutory actions to enforce mechanics' liens this court has held that the owner of the property against which the lien is sought to be enforced is a necessary party.* Roman v. Thorn, 83 Ala. 443, 3 So. 759; Hughes v. Torgerson, 96 Ala. 346, 11 So. 209, 16 L.R.A. 600, 38 Am.St.Rep. 105; Sorsby v. Woodlawn Lumber Co., 202 Ala. 566, 81 So. 68. * * *" (Emphasis ours)

■■ We think the better view is the one announced in *Adams Supply Co.,* quoted supra. The provisions of Title 33,

§ 50, regarding parties to an action to enforce a materialman's lien seem too clear for misunderstanding. If a lien claimant desires his judgment to be superior to the interest of persons who have acquired their interest in the property after commencement of the work but prior to the filing of the lien statement, he must join them as parties when he files suit to enforce his lien within the six-month period, provided he has actual knowledge or constructive notice of the interest of such persons at the time he files his suit to enforce the lien— Sorsby v. Woodlawn Lumber Co., supra.

■■■ We readily agree with the principle of law stated in Grimsley v. First Ave. Coal & Lmbr. Co., supra, that a materialman's lien attaches and is created at the time the work on the building or improvement commences, and it is not defeated by a subsequent sale or conveyance of the property, provided the lienor perfects his lien in accordance with the requirements of law, and it is immaterial that the conveyance was executed before suit is brought to enforce the lien. But under our statute the lien can be lost by failure to pursue it by timely filing of suit for its enforcement. In *Sorsby* and in Home Federal Savings & Loan Assn. v. Williams, 276 Ala. 37, 158 So.2d 678 (1963), we said:

> "The lien the materialman or mechanic acquires is by virtue of the statutes only, and the requirements of the statutes as to *acquiring and enforcing* it must be pursued, else it is lost or does not exist. * * *" (Emphasis ours)

■ The provisions of Title 33, § 50, to the effect that in such enforcement actions, all persons interested in the matter in controversy, or in the property charged with the lien, may be made parties, but such as are not made parties shall not be bound by the judgment or proceedings seem quite clear. The lien claimant has an option—he

---

3. The legal conclusion reached in *Benson Hardware* and *Sturdavant* have been questioned in a legal treatise written by a former president of the Alabama Bar Association. See The Judicial Enforcement of Materialmen's Liens in Alabama, Vol. 14, Alabama Law Review, pages 341 and 345.

can either join persons who have an interest in the property or he can fail to join them—but if he does not join them, they are not bound by the judgment. In other words, we think that the reasoning in *Sorsby* is still the better reasoning and the rule which has been followed by our later cases.

In view of the fact that we cannot reconcile some of the reasoning in Benson Hardware Co. v. Jones, supra, and Jackson v. Farley, 212 Ala. 594, 103 So. 882 (1925), with cases which we have decided both prior to and subsequent to the time they were decided, we have no alternative but to overrule those cases insofar as they are in conflict with the legal points set out in this decision. We concur in the result reached in *Sturdavant* and feel that it is distinguishable on the facts from this case.

The growth of the State and the frequency with which the bench and bar will necessarily be called upon to determine the condition of the title to land on which improvements have been made compels us to attempt to settle as best we can the law in this area. We hope that we have done this with this decision.

In view of the above, each of appellant's assignments of error, except assignment of error No. 10, is without merit. All assignments of error, except assignments 5, 6, 7, 8, 9 and 10 deal with the action of the trial court in sustaining the demurrers of the Cassadys and New York Bank for Savings to the bill as amended. Assignments 5, 6, 7, 8, 9 and 10 claim the trial court erred in sustaining Medlin's demurrer.

Assignment 10 claims that the trial court erred in sustaining the demurrer of the respondent Medlin to that aspect of the amended bill which seeks to have the court award a money judgment in favor of the complainant and against Medlin. Appellant is right. The trial court erred in sustaining Medlin's demurrer in this respect. In this regard, the jurisdiction conferred upon courts of equity by Title 33, § 48, allows the complainant to have a general judgment against the contracting owner for the agreed price for the material furnished under the contract, though he may not be able to establish the mechanic's lien under the statute. Crosby v. Hale, 277 Ala. 542, 173 So.2d 85 (1965); Floyd v. Rambo, 250 Ala. 101, 33 So.2d 360 (1948).

The judgment of the trial court is affirmed in part, and reversed and remanded, in part.

Affirmed in part, reversed and remanded in part.

LIVINGSTON, C. J., and SIMPSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and McCALL, JJ., concur.