L. CHARLES WRIGHT, Retired Appellate Judge.
Lyman A. Lovejoy filed a declaratory judgment action against Birmingham Lumber and Building Materials, Inc. Lovejoy was seeking to determine the legal consequence of a judgment which purported to confirm and perfect a lien on real property that he had acquired after the lien was filed, but before it was perfected. Lovejoy was not a party to the lawsuit that was filed to perfect the lien. In the instant suit, the trial court entered a summary judgment in favor of Lovejoy; Birmingham Lumber appealed. This case has been transferred to this court by our supreme court, pursuant to Ala.Code 1975, § 12-2-7(6).
In December 1994 Birmingham Lumber filed a materialman’s lien against Lot 30, Hickory Lane Estates, in St. Clair County. At that time, title to that lot was vested in James Dean Isdell. In January 1995 Isdell transferred title to that lot to Lyman Love-joy. In February 1995 Birmingham Lumber filed an action against Isdell on an open account to perfect the materialman’s lien on Lot 30, Hickory Lane Estates. In May 1995 a judgment was entered against Isdell, awarding Birmingham Lumber $67,045.71, a portion of which ($14,808.24) was awarded in connection with the materialman’s hen. A certificate of judgment was recorded in the Probate Court of St. Clair County, which purported to confirm and perfect the hen for $14,808.24 against Lot 30, Hickory Lane Estates. Subsequently, Lovejoy discovered the cloud on the title to that lot and filed a declaratory action, challenging the validity of the judgment perfecting the hen against Lot 30, Hickory Lane Estates. Birmingham Lumber contended that the hen was vahd against Lovejoy and that it was not necessary to join Lovejoy as a party to the suit perfecting the hen because it had no notice of his interest in the property. The trial court held that by virtue of Ala.Code 1975, § 35-11-223, Lovejoy was a necessary and proper party to the action to perfect and enforce the hen. As a consequence of not being made a party, he was not bound by the judgment of lien. A summary judgment was entered in favor of Lovejoy.
Birmingham Lumber appeals, contending, inter aha, that the entry of a summary judgment in favor of Lovejoy was reversible error. Birmingham Lumber based this contention on the premise that the filing of a claim of a hen on property flows with the land. This is not so; the filing of the suit for enforcement of a hen within six (6) months of the filing of the claim of lien and the subsequent judgment therein against the owner is the perfection of the hen. There is nothing to flow with the land until there has been a perfection. There was no perfection in this ease because the owner at the time of judgment was not a party to the suit as required by § 35-11-223, Ala.Code 1975. Birmingham Lumber’s reliance on Lily Flagg Building Supply Co. v. J.M. Medlin & Co., 285 Ala. 402, 232 So.2d 643 (1970), is misplaced. In that case our supreme court held that a hen claimant who desires his judgment to be superior to the interest of persons who have acquired their interest in the property subsequent to the filing of the hen must be joined as a party in an action to perfect the hen, if the hen claimant had actual or constructive notice of the interest of such persons. Id. at 407, 232 So.2d at 648. Further, the court held that the hen may be lost by failure to timely pursue an action for its enforcement. The court specifically gave the lienholder the option of whether to join those with a later acquired interest in any suit to perfect the hen, but added that if such persons are not joined, they are not bound by the judgment. Id. at 408, 232 So.2d at 648. The deed conveying the property to Lovejoy was recorded in the Probate Office of St. Clair County in January 1995, a month before the suit to perfect tlie hen was begun.. The *442 proper recording of the deed gave Birmingham Lumber constructive notice of Lovejoy’s interest in the property. The failure to join him in the suit to perfect the lien prevented any attachment of the judgment lien against Lovejoy or his interest in the property. Lily Flagg Building Supply Co. v. J.M. Medlin & Co., supra and § 35-11-223, Ala.Code 1975.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.